**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware__
(State)

Case number (*If known*): _____  Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**   Pear Therapeutics (US), Inc.

2. **All other names debtor used in the last 8 years**   Pear Therapeutics, Inc.

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**   4 6 – 3 5 9 7 0 7 4

4. **Debtor's address**

   **Principal place of business**
   200 State Street
   Number    Street
   13th Floor
   Boston    MA    02109
   City    State    ZIP Code

   USA
   County

   **Mailing address, if different from principal place of business**
   _____
   Number    Street
   _____
   P.O. Box
   _____
   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**
   _____
   Number    Street
   _____
   _____
   City    State    ZIP Code

5. **Debtor's website** (URL)   www.peartherapeutics.com

| Debtor | Pear Therapeutics (US), Inc. | Case number (*if known*) |
|---|---|---|
| | Name | |

6. **Type of debtor**
   - ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - ☐ Partnership (excluding LLP)
   - ☐ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*
   - ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   - ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ☒ None of the above

   B. *Check all that apply:*
   - ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   - ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   - ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   _3_ _2_ _5_ _4_

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*
   - ☐ Chapter 7
   - ☐ Chapter 9
   - ☒ Chapter 11. *Check **all** that apply*:
     - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☐ A plan is being filed with this petition.
     - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
     - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ☐ Chapter 12

Debtor    Pear Therapeutics (US), Inc.                                  Case number (if known) _____
          Name

9.  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

    ☒ No
    ☐ Yes.  District _____ When _____ Case number _____
                                        MM / DD / YYYY
            District _____ When _____ Case number _____
                                        MM / DD / YYYY

    If more than 2 cases, attach a separate list.

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ☐ No
    ☒ Yes.  Debtor   Pear Therapeutics, Inc.          Relationship   Affiliate
            District   Delaware                        When           04/07/2023
                                                                      MM / DD / YYYY
            Case number, if known  _____

    List all cases. If more than 1, attach a separate list.

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply*.)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?**_____
                                   Number    Street
                                   _____
                                   _____    _____  _____
                                   City                                State  ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____
           Contact name     _____
           Phone            _____

---

**Statistical and administrative information**

---

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page **3**

| Debtor | Pear Therapeutics (US), Inc. | Case number (*if known*) |
|---|---|---|
| | Name | |

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☒ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☒ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☒ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 04/07/2023

X /s/ Christopher Guiffre                    Christopher Guiffre
Signature of authorized representative of debtor    Printed name

Title Chief Financial Officer/Chief Operating Officer

Debtor  Pear Therapeutics (US), Inc.
     Name

Case number (if known) _____

---

**18. Signature of attorney**

✗ /s/Chantelle D. McClamb
Signature of attorney for debtor

Date  04/07/2023
    MM / DD / YYYY

Chantelle D. McClamb
Printed name

Gibbons P.C.
Firm name

300 Delaware Ave., Suite 1015
Number     Street

Wilmington
City

DE
State

19801
ZIP Code

(302) 518-6300
Contact phone

cmcclamb@gibbonslaw.com
Email address

5978
Bar number

DE
State

**Fill in this information to identify the case:**

Debtor name: Pear Therapeutics (US), Inc.
United States Bankruptcy Court for the: District of Delaware (State)
Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders     12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Perceptive Advisors LLC**<br>51 Astor Place, 10th Floor<br>New York, NY 10003 | Attn: Sandeep Dixit<br>P: (646) 205-5300<br>Sandeep@perceptivelife.com;<br>PCOFReporting@perceptivelife.com | Loan Debt | Contingent, Unliquidated & Disputed | | | $10,400,000.00 |
| 2 | **Entrée Health, LLC**<br>104 Carnegie Center, Suite 300<br>Princeton, NJ 08540 | Attn: Andrew Gottfried, CEO<br>P: (212) 907-6929<br>F: (212) 867-2644<br>jrozario@omnicomhealthgroup.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $213,898.76 |
| 3 | **Fingerpaint Marketing Inc**<br>395 Broadway<br>Saratoga Springs, NY 12866 | Attn: Ed Mitzen, CEO<br>P: (518) 693-6960<br>kwichelns@fingerpaint.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $179,332.06 |
| 4 | **Academy of Managed Care Pharmacy**<br>675 N. Washinton Street, Suite 220<br>Alexandria, VA 22314 | Attn: Paula J. Eichenbrenner, Executive Director<br>P: (703) 684-2600 ext. 605<br>F: (703) 684-2651<br>paula@amcpfoundation.org | Trade Claim | Contingent, Unliquidated & Disputed | | | $167,500.00 |
| 5 | **Truepill, Inc**<br>3121 Diablo Avenue<br>Hayward, CA 94545 | Attn: Umar Afridi, CEO<br>P: (925) 412-3130<br>F: (866) 889-0117<br>AR@truepill.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $142,380.46 |
| 6 | **SVASUM AB**<br>Esbjornsgatan 4<br>Orebro, 702 17<br>Sweden | Attn: CEO or General Counsel<br>P: +46 702 524 480<br>hollandare@hotmail.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $125,000.00 |
| 7 | **Golin Harris International**<br>909 3rd Avenue<br>New York, NY 10022 | Attn: Matt Neale, CEO<br>P: (212) 373-6000<br>CMGRemits@interpublic.com;<br>dlangeland@golin.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $124,819.08 |
| 8 | **Hannaford & Dumas Corporation**<br>26 Conn St<br>Woburn, MA 01801 | Attn: Steve Bryer, Owner<br>P: (781) 503-0100<br>F: (781) 503.0103<br>jdavis@hannaforddumas.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $123,798.71 |

Official Form 204     Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims     page 1

Debtor    Pear Therapeutics (US), Inc.    Case number (if known) _____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **CP MA REIT LLC** dba CP 200 State LLC c/o Carr Properties Washington, DC 20036 | Attn: John A. Schissel, President & Director P: (202) 355-1880 jmitek@carrprop.com | Lease Claim | Contingent, Unliquidated & Disputed | | | $117,059.96 |
| 10 | **Covington & Burling LLP** One CityCenter 850 Tenth Street, N.W. Washington, DC 20001 | Attn: Doug Gibson, Chair of Mgmt Committee P: (202) 662-6709 dgibson@cov.com | Professional Services | Contingent, Unliquidated & Disputed | | | $104,042.11 |
| 11 | **Amazon Web Services** PO Box 84023 Seattle, WA 98124-8423 | Attn: Adam Selipsky, CEO P: (206) 266-1000; (206) 266-4064 aws-receivables-support@email.amazon.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $100,467.67 |
| 12 | **TTEC Holdings, Inc.** dba TTEC Government Solutions, LLC 9197 South Peoria Street Englewood, CO 80112 | Attn: Kenneth Tuchman, CEO P: (800) 835-3832 AR_Global@TTEC.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $96,936.00 |
| 13 | **Sugata Research** 3F Ishiyama Bldg 1-58-1 Yoyogi Shibuya-ku Tokyo, 151-0053 Japan | Attn: Andrew Darton, Managing Director P: +81-3-5304-0339 F: +81-3-5304-0340 fukasawa@sugataresearch.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $88,837.50 |
| 14 | **HealthVerity, Inc** 1818 Market Street, Suite 700 Philadelphia, PA 19103 | Attn: Andrew Kress, CEO P: (267) 262-6776 accounting@healthverify.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $81,625.00 |
| 15 | **Definitive Healthcare LLC** 492 Old Connecticut Path Framingham, MA 01701 | Attn: Robert Musslewhite, CEO P: (866) 679-6461 billing@definitivehc.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $79,805.75 |
| 16 | **Q2i LLC** 134 Birch Drive Rindge, NH 04361 | Attn: Steven Jenkins, CEO P: (617) 812-2602 RuthAnn@q2i.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $70,588.23 |
| 17 | **Oxford University Press** 2001 Evans Road Cary, NC 27513 | Attn: Nigel Portwood, CEO P: (919) 677-0977 F: (919) 677-1714 cynthia.nowell@oup.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $63,709.08 |
| 18 | **ABio Clinical Research Partners, LLC** 13926 Hull Street Road, #160 Midlothian, VA 23112 | Attn: Andrea Brown, President P: (804) 638-8598 bbrown@abioclinical.co | Trade Claim | Contingent, Unliquidated & Disputed | | | $51,377.60 |
| 19 | **Pendo.io Inc.** 301 Hillsborough St, Suite 1900 Raleigh, NC 27603 | Attn: Todd Olson, CEO P: (919) 275-5477 billing@pendo.io | Trade Claim | Contingent, Unliquidated & Disputed | | | $50,000.00 |
| 20 | **Schellman & Company LLC** 4010 West Boy Scout Blvd, Suite 600 Tampa, FL 33607 | Attn: Avani Desai, CEO P: (866) 254-0000 F: (888) 504-0967 schellman@myworkday.com | Professional Services | Contingent, Unliquidated & Disputed | | | $47,500.00 |

Official Form 204    Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims    page 2

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | **Deloitte Tax LLP**<br>4022 Sells Drive<br>Hermitage, TN 37076 | Attn: Steve Kimble, CEO<br>P: (615) 882-7600<br>F: (615) 882-6600<br>deloittepayments@deloitte.com | Professional Services | Contingent, Unliquidated & Disputed | | | $46,500.00 |
| 22 | **Brownstein Hyatt Farber Schreck LLP**<br>410 17th Street, Suite 200<br>Denver, CO 80202 | Attn: Richard Benenson, Managing Partner<br>P: (303) 223-1417<br>F: (303) 223-8003<br>svogler@bhfs.com | Professional Services | Contingent, Unliquidated & Disputed | | | $46,000.00 |
| 23 | **Panalgo LLC**<br>265 Franklin Street, Suite 1101<br>Boston, MA 02110 | Attn: Tiffany Siu Woodworth, President<br>P: (781) 290-0808<br>AR@Panalgo.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $41,000.00 |
| 24 | **Managed Markets Insight & Technology**<br>dba MMIT<br>1040 Stony Hill Road, Suite 300<br>Yardley, PA 19067 | Attn: Diana Watson, CEO<br>P: (267) 753-6800<br>AR-MMIT@mmitnetwork.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $37,400.00 |
| 25 | **Auditboard, Inc**<br>12900 Park Plaza Drive, Suite 200<br>Cerritos, CA 90703 | Attn: Scott Arnold, President & CEO<br>P: (877) 769-5444<br>accountsreceivable@auditboard.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $36,875.00 |
| 26 | **Gardner Resources Consulting LLC**<br>110 Cedar Street, Suite 20<br>Wellesley, MA 02481 | Attn: Steve Naha, CEO<br>P: (781) 997-5239<br>finance@grgc.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $32,976.00 |
| 27 | **McGrath Consulting Group, Inc.**<br>2077 2nd Street Dr NW<br>Hickory, NC 28601 | Attn: John P McGarth, President<br>P: (828) 238-6785<br>jmcgrath10@gmail.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $30,150.00 |
| 28 | **Tropic Technologies, Inc.**<br>920 Broadway, 2nd Floor<br>New York, NY 10010 | Attn: David Campbell, CEO<br>P: (800) 981-6303<br>accounting@tropicapp.io | Trade Claim | Contingent, Unliquidated & Disputed | | | $28,750.00 |
| 29 | **Manning Personnel Group**<br>211 Congress St, 10th Floor<br>Boston, MA 02110 | Attn: Jack Manning, President<br>P: (617) 523-8866<br>rbagge@manningpg.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $27,500.00 |
| 30 | **EP Mediate Co., Ltd.**<br>1-8 Tsukudo-cho<br>Shinjuku-ku Tokyo, 1620821<br>Japan | Attn: Masanori Tanji, President<br>P: +81-3-5657-9131<br>F: +81-3-5657-9129<br>uchida.keiko247@eps.co.jp | Trade Claim | Contingent, Unliquidated & Disputed | | | $27,053.64 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>PEAR THERAPEUTICS (US), INC.,<br><br>　　　　Debtor. | Chapter 11<br><br>Case No. _____ (____)<br><br>Federal Tax I.D. No. 46-3597074 |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT**
**TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3) and 7007.1**

Pursuant to Rule 1007(a)(1), 1007(a)(3) and 700.1 of the Federal Rules of Bankruptcy Procedures, Pear Therapeutics (US), Inc the above captioned debtor and debtor in possession (the "Debtor"), respectfully represents:

1.　　　The Debtor is 100% owned by Pear Therapeutics, Inc.

FH11346732.1

**Fill in this information to identify the case and this filing:**

Debtor Name  Pear Therapeutics (US), Inc.

United States Bankruptcy Court for the: _____  District of  Delaware
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  Corporate Ownership Statement and List of Equity Interest Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/07/2023
MM / DD / YYYY

X  *Christopher Guiffre* (DocuSigned)
Signature of individual signing on behalf of debtor

Christopher Guiffre
Printed name

Chief Financial Officer/Chief Operating Officer
Position or relationship to debtor

Official Form 202    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

# BOARD RESOLUTIONS AUTHORIZING CHAPTER 11

The undersigned, being all the members of the board of directors (the "**Board**") of Pear Therapeutics (US), Inc. (the "**Corporation**"), hereby take the following actions and adopt the following resolutions pursuant to the by-laws of the Corporation and in accordance with the provisions of Section 141(f) of the General Corporation Law of the State of Delaware:

WHEREAS, the Board has considered presentations by the management and the financial and legal advisors of the Corporation regarding the liabilities and liquidity situation of the Corporation, the strategic alternatives available to it, and the effect of the foregoing on the Corporation's business; and

WHEREAS, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Corporation and to fully consider each of the strategic alternatives available to the Corporation and has determined, in the judgment of the Board, that the following resolutions are in the best interests of the Corporation and its creditors.

NOW, THEREFORE, BE IT:

**CHAPTER 11 FILING**

RESOLVED: That, in the judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, and other parties in interest, that the Corporation shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "**Chapter 11 Case**") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"); and

RESOLVED: That the duly appointed officers of the Corporation (collectively, the "**Authorized Signatories**"), acting alone or with one or more other Authorized Signatories be, and hereby is, authorized, empowered, and directed to execute and file on behalf of the Corporation all petitions, schedules, lists, and other motions, pleadings, papers, or documents, and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Corporation's business.

**RETENTION OF PROFESSIONALS**

RESOLVED: That each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ the law firm of Foley Hoag LLP ("**Foley Hoag**"), as general bankruptcy counsel to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including the preparation and filing of any motions, objections, replies, applications, or pleadings and conducting any potential sale process on behalf of the Corporation in the Chapter 11 Case; and in connection therewith, each of the Authorized Signatories, acting alone or in any combination, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, if

required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain Foley Hoag;

RESOLVED: That each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ the law firm of Gibbons P.C. ("**Gibbons**"), as Delaware counsel to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including the preparation and filing of any motions, objections, replies, applications, or pleadings and conducting any potential sale process on behalf of the Corporation in the Chapter 11 Case; and in connection therewith, each of the Authorized Signatories, acting alone or in any combination, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain Gibbons;

RESOLVED: That each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ the law firm of Wilmer Cutler Pickering Hale and Dorr LLP ("**WilmerHale**"), to render legal services as special counsel to the Corporation pursuant to section 327(e) of the Bankruptcy Code to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, each of the Authorized Signatories, acting alone or in any combination, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain WilmerHale;

RESOLVED: That each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ Sonoran Capital Advisors, LLC ("**Sonoran**") as financial advisor to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations in connection with the Chapter 11 Case; and in connection therewith, each of the Authorized Signatories, acting alone or in any combination, with power of delegation, hereby is, authorized, empowered, and directed, on behalf of and in the name of the Corporation, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Sonoran;

RESOLVED: That each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ MTS Health Partners, L.P. ("**MTS**") as financial advisor and to represent and assist the Corporation in connection with any sale or restructuring of the Corporation's assets and liabilities and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations in connection with the Chapter 11 Case; and in connection therewith, each of the Authorized Signatories, acting alone or in any combination, with power of delegation, hereby is, authorized, empowered, and

<dl>
<dd>directed, on behalf of and in the name of the Corporation, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of MTS;</dd>
</dl>

RESOLVED: That each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ Stretto, Inc. ("**Stretto**") as notice, claims, solicitation, and balloting agent in connection with the Chapter 11 Case and to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, each of the Authorized Signatories, acting alone or in any combination, with power of delegation, is hereby authorized, empowered, and directed, on behalf of and in the name of the Corporation, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed appropriate applications for authority to retain the services of Stretto;

RESOLVED: That each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ any other professionals to assist the Corporation in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, acting alone or in any combination, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable; and

RESOLVED: That each of the Authorized Signatories, acting alone or in any combination, be, and each hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, appropriate, or desirable in connection with the Chapter 11 Case.

**GENERAL**

RESOLVED: That, in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Corporation, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including, but not limited to, filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED: That the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Corporation, or hereby waives any right to have received such notice;

RESOLVED: That any and all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Corporation, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, adopted, confirmed, and ratified as the true acts and deeds of the Corporation with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board;

RESOLVED: That each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Corporation with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary, appropriate, or desirable in such Authorized Signatory's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated herein; and

RESOLVED: That this unanimous omnibus written consent may be executed in as many counterparts as may be required; all counterparts shall collectively constitute one and the same consent; and facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

**IN WITNESS WHEREOF**, each of the undersigned directors has executed this Unanimous Written Consent of Directors, which will be effective on the earliest date by which it has been executed by all of the members of the Board (the "*Effective Date*"):

By: *Corey McCann* (DocuSigned by: 86B7D5CC1434414...)
Name: Corey McCann
Title: Director
Date: 4/6/2023

By: *Christopher Guiffre* (DocuSigned by: 11C3AC391A1E466...)
Name: Christopher Guiffre
Title: Director
Date: 4/6/2023

By: (DocuSigned by: 70029F67C1054C7...)
Name: Ronan O'Brien
Title: Director
Date: 4/6/2023

Being all of the Members of the Board of Directors of Pear Therapeutics (US), Inc.

Effective Date: April 6, 2023