**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PEAR THERAPEUTICS, INC., *et al.*[1] | Case No. 23-10429 (TMH) |
| Debtors. | (Jointly Administered) |

<u>**STATEMENT OF FINANCIAL AFFAIRS**</u>
<u>**FOR PEAR THERAPEUTICS (US), INC.**</u>

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Pear Therapeutics, Inc. (3092) and Pear Therapeutics (US) Inc. (7074). The Debtors' corporate headquarters are located at 200 State Street, 13th Fl., Boston, MA 02109.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| PEAR THERAPEUTICS, INC., *et al.*[1] | Case No. 23-10429 (TMH) (Jointly Adminsitered) |
| Debtors. | |

## GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

Pear Therapeutics, Inc., and Pear Therapeutics (US), Inc. (collectively, the "**Debtors**"), as debtors in possession in the above-captioned chapter 11 cases, with the assistance of their advisors and attorneys, have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**," and together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of each Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

For financial reporting purposes, the Debtors historically have prepared consolidated financial statements, which include financial information for the Debtors and certain non-Debtor affiliates utilizing Generally Accepted Accounting Principles ("**GAAP**"). Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under GAAP. Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor (whether publicly filed or otherwise). Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Pear Therapeutics, Inc. (3092) and Pear Therapeutics (US), Inc. (7074). As of the Petition Date, the Debtors' corporate headquarters were located at 200 State Street, 13th Fl., Boston, MA 02109.

and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause a material change to the Schedules and Statements.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements, or to notify any third party should the information be updated, modified, revised, or re-categorized. The Debtors, on behalf of themselves, their officers, employees, agents, and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

The Schedules and Statements have been signed by an authorized representative of each of the Debtors. In reviewing and signing the Schedules and Statements, this representative relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. The representative has not personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses and contact information.

## Global Notes and Overview of Methodology

**Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, to dispute the validity, status, and enforceability of any contracts, agreements, and leases set forth on the Schedules and Statements, and the right to amend the Schedules and Statements with respect to claim ("**Claim**") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed,"

"contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements except as may be required by applicable law.

**Description of Cases and "as of" Information Date**. On April 7, 2023 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 11, 2023, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases [Docket No. 43]. On April 19, 2023, the United States Trustee of Region 3 appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 70].[2]

Unless otherwise indicated, the asset information provided in the Schedules and Statements represents the asset data as of the close of business on April 6, 2023. Unless otherwise indicated, the liability information provided in the Schedules and Statements represents the liability data as of the close of business on April 6, 2023.

**Fair Market Value: Net Book Value of Assets**. In many instances, current market valuations are not maintained by or readily available to the Debtors. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. In addition, the Debtors are currently marketing their assets as part of a 363 sale(s) to be sold to a potential buyer for the highest or otherwise best price for their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the close of business on April 6, 2023**,** in the Debtors' books and records. Additionally, because the book values of certain assets, such as equipment, work in process, patents, trademarks, copyrights, and other intangible assets, may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date. The Debtors' intellectual property was generally not capitalizable under GAAP. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value.  As such, the amounts ultimately realized may vary from net book value, and such variance may be material.

---

[2] All references to pleadings on the Bankruptcy Court's docket are available at https://cases.stretto.com/PearTherapeutics/.

**Estimates and Assumptions**. Because of the timing of the filings, management was required to make certain estimates, prorations and assumptions that affected the reported amounts of these assets, liabilities and Claims. Actual amounts could differ from those estimates, perhaps materially. The Debtors reserve all rights to amend the reported amounts of assets, liabilities and Claims to reflect changes in those estimates, prorations or assumptions.

**Fiscal Year.** The Debtors' fiscal years end on December 31.

**Recharacterization.** Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity of the Debtors' financial statements and recent reductions in force in employees. Accordingly, the Debtors reserve all their rights to re-characterize, reclassify, recategorize, re-designate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition. Disclosure of information in one or more Schedules, one or more Statement question, or one or more exhibits or attachments to the Statements and Schedules, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

**Classifications**. Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F as "priority," (c) Schedule E/F part 2 as "unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or leases or to setoff of such Claims.

**Claims Description**. Schedules D and E/F permit each Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

**Real Property and Personal Property Leased**. In the ordinary course of their businesses, the Debtors lease real property and various articles of personal property, including fixtures and equipment, from certain third-party lessors. The Debtors have made reasonable efforts to list all such leases in the Schedules and Statements. These real property and personal property lease obligations are reported on Schedule G to the extent applicable and to the extent the lessor filed a UCC financing statement. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement).

**Excluded Assets and Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection

FH11376383.10

with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, net operating losses, accrued salaries, employee benefit accruals, and deferred gains. The Debtor has also excluded rejections damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage Claims exist. In addition, certain immaterial assets and liabilities may have been excluded. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

**Court Orders**. Pursuant to certain orders of the Bankruptcy Court in the Debtors' chapter 11 cases, including, without limitation, orders entered on April 10, 2023 (the "**First Day Orders**"), the Debtors are authorized (but not directed) to pay, certain outstanding obligations on a postpetition basis, including, among other things, certain prepetition claims of employees, lienholders, and taxing authorities. Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore part or all of any claim paid postpetition may be deducted or may not be listed in the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent all or part of such claims are paid pursuant to an order of the Bankruptcy Court, the Debtors reserve all rights to amend or supplement their Schedules and Statements as is necessary or appropriate.

**Confidential or Sensitive Information**. There may be instances where certain information in the Schedules and Statements was not included or redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, concerns for the privacy of an individual, or due to privacy-related laws and/or regulatory regimes.

**Insiders**. Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) senior level officers; (c) equity holders holding in excess of 20% of the voting securities of the Debtor entities; (d) Debtor affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtors). Entities listed as "insiders" have been included for informational purposes, the Debtors may have been over-inclusive in identifying insiders, and their inclusion shall not constitute an admission that those entities are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully

5

argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

**Guarantees and Other Secondary Liability Claims**. The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "**Guarantees**") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements may have been inadvertently omitted.

**Intellectual Property Rights**. The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**Executory Contracts and Unexpired Leases**. Although the Debtors made diligent attempts to attribute executory contracts and unexpired leases to their rightful Debtors, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. The Debtors have not set forth executory contracts as assets in the Schedules and Statements. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G. Purchase orders and work orders may not be listed on Schedule G. The failure to include such purchase orders and work orders does not constitute an admission that such purchase orders and work orders are not executory contracts, and the Debtors reserve all rights with respect thereto.

The Debtors have not included in the Schedules and Statements the future obligations of any operating leases. Additionally, the Debtors have included in the Schedules the material right-of-use operating lease assets or liabilities related to FASB Accounting Standards Update 2016-2; however, the Debtors do not possess any ownership interest in the corresponding properties. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.

**Umbrella or Master Agreements**. Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements may have been listed in the Schedules and Statements of only the Debtor that signed the original umbrella or master agreement.

**Causes of Action**. The Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. Despite their reasonable efforts to identify all known assets, the

6

Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

**Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

a. <u>Unliquidated Claim Amounts</u>. Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

b. <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

c. <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. As previously stated, the description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

d. <u>Liens</u>. Inventories, property and equipment listed in the Schedules and Statements are presented without consideration of any asserted mechanics, materialmen or similar liens that may attach (or have attached) to such inventories, property and equipment.

**Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**Receivables**. Receivables consists primarily of amounts due under access agreements and an amount due from the IRS for employee retention credits from fiscal year 2021. The Debtors have not listed individual patient accounts receivable balance information as the Debtors consider their patient list to be proprietary and confidential.

**Intercompany Receivables and Payables.** The listing in the Schedules or Statements (including, without limitation, Schedule A/B or Schedule E/F) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and

does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. For additional information regarding the Debtors' intercompany transactions and related cash management protocols, see *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Maintenance of Bank Accounts and Continued Use of Existing Business Forms and Checks, (II) Authorizing the Continued Use of Existing Cash Management System, (III) Granting Limited Relief from the Requirements of Bankruptcy Code Section 345(b) and (IV) Granting Related Relief* [Docket No. 10] (the "**Cash Management Motion**") and the Bankruptcy Court Orders related thereto).

**Claims of Third-Party Related Entities**. While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to such parties. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered disputed, whether or not they are designated as such.

**Interest in Subsidiaries and Affiliates**. Pear Therapeutics Inc. owns directly or indirectly all of the equity interest in the subsidiary that is also a Debtor as well as the equity interest in one additional subsidiary who is not a Debtor. Interests in subsidiaries arise from stock ownership or ownership. Each Debtor's Schedule A/B 15 or Statement 25 schedules its ownership interests, if any, in subsidiaries and affiliates. Assets such as investments in subsidiaries are listed as undetermined amounts as of the Petition Date because the book values may materially differ from fair market values.

**Setoffs; Credits and Adjustments.** The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtors and their suppliers and/or customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements. The Claims of individual creditors for, among other things, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor. Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and vendor payments, if applicable. The Debtors reserve all of their rights available pursuant to the Bankruptcy Code, Bankruptcy Rules, of Delaware with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a post-petition basis.

**Indemnification**. Article VIII of the Second Amended and Restated Certificate of Incorporation of Pear Therapeutics Inc. (f/k/a Thimble Point Acquisition Corp.) (the "**Certificate**") provides for indemnification of officers or directors who are made a party or threatened to be made a party to any action, suit or proceeding by reason of the fact that he or she is a director or officer of such Debtor, or is serving at the request of such Debtor as a director or officer of any other entity, including any subsidiary of such Debtor. Debtor Pear Therapeutics (U.S.) Inc. also provides indemnification to certain such persons. The Debtors have not reached a determination as to whether certain potentially indemnified persons are ineligible for indemnification under the terms of the Certificate and such persons are therefore listed on such Debtor's Schedule E/F. To the extent that such Debtor has entered into separate contracts with certain directors and officers and former directors and officers, agreeing to indemnify them in certain circumstances according to the particular terms and conditions set forth in those contracts, such contracts are listed on such Debtor's Schedule G. The Debtors have not reached a determination as to whether the persons who are parties to these contracts are eligible for indemnification. Consequently, the Debtors have separately listed on Schedule G all contracts with such persons, but Debtors reserve all rights with respect thereto, including the right to assert that the individual is not entitled to indemnification and that the provisions do not constitute executory contracts.

**Payments**. The financial affairs and businesses of the Debtors are complex. Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "**Cash Management System**") (as described in the Cash Management Motion). Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, as is necessary or appropriate. Payments made are listed by the legal entity making such payment notwithstanding that many such payments may have been made on behalf of another legal entity.

**Global Notes Control**. If the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

<u>**Specific Disclosures with Respect to the Debtors' Schedules**</u>

**Schedule A/B**. All values set forth in Schedule A/B reflect the net book value of the Debtors' assets as of the close of business on April 6, 2023, unless otherwise noted below.

**Schedule A/B—Assets—Real and Personal Property**. Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers. The Debtors and their estates reserve all rights with respect to any claims and causes of action that they may have, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of action, or in any way prejudice, impair or otherwise affect the assertion of such claims and causes of action.

9

The Debtors are required to make deposits or prepayments from time to time with various vendors and other service providers in the ordinary course of business. The Debtors have exercised reasonable efforts to report the current value of any deposits or prepayments. The Debtors may have inadvertently omitted deposits or prepayments, by expensing them when made due to them being immaterial at the time and conversely may have reported deposits or prepayments that are no longer outstanding. The Debtors reserve their rights pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules to amend the Schedules and Statements if deposits or prepayments are incorrectly identified.

Patents, trademarks, and other intellectual property are listed on Schedule B, Part 10 as an unknown or undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from the net book value.

Any leasehold improvements and equipment identified on Schedule B, Part 8 are listed net of any recorded depreciation and amortization.

As applicable, ownership interests in businesses, partnerships, and joint ventures (including any subsidiaries) have been listed in Schedule B, Part 4, at net book value. Equity interests in subsidiaries and affiliates primarily arise from common stock ownership. For purposes of these Schedules, the Debtors have listed an undetermined value for the equity interests of its subsidiaries. Nothing in these Schedules is an admission or conclusion of the Debtors regarding the value of such subsidiary and affiliate equity interests, which, under certain fair market or enterprise valuation analyses, may have value. Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets or the impact of the industry environment and may differ materially from the actual value and/or performance of the underlying assets. As such, the value listed in these Schedules and Statements, including the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from the actual net book value.

For unused net operating loss carryforwards ("**NOLs**"), as set forth in the *Motion of the Debtors for Interim and Final Orders Pursuant to Sections 105(a), 362(a)(3) and 541 of the Bankruptcy Code and Bankruptcy Rule 3001, Establishing Notice and Hearing Procedures for Trading In the Debtors' Equity Securities to Preserve their Tax Attributes* [Docket No. 11], the Debtors have scheduled the estimated NOL amounts in Schedule A/B, question 72; The Debtors' response to the schedule questionnaire is indicative of certain gross non-tax effected NOL values as compared to the GAAP net deferred tax assets associated with such NOLs. The actual tax savings from these NOLs is dependent upon, among other things, the timing, character, and amount of any future income to which they can be applied. Amounts also do not reflect the consideration of any valuation allowances recorded pursuant to GAAP, which have the effect of reducing associated deferred tax assets. Additionally, the unused NOLs listed in Schedule A/B, Question 72 reflect the amounts listed in the Debtors' books and records, may reflect NOLs accumulated for more than one tax year, and may be subject to expiration or limitations on usability now or in the future. All figures set forth in Schedule A/B, Question 72 are preliminary, unreviewed, and unaudited and are subject to final adjustments. However, the Debtors believe the Business Combination (as defined in the *Declaration of Christopher Guiffre Pursuant to 28 U.S.C. § 1746 in Support of the Debtors'*

*Chapter 11 Petitions and First Day Pleadings* [Docket No. 4]) may have caused an "ownership change" under Section 382 of the Internal Revenue Code.

**Schedule D—Creditors Holding Secured Claims**. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D. Moreover, although the Debtors may have scheduled claims of creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction, document or instrument related to any such claim. The descriptions provided in Schedule D are intended only to be a summary.

The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies and other parties that may hold security deposits.

By listing a party on Schedule D based on a UCC-1 filing, the Debtors and their estate are not conceding that such party actually holds a perfected, unavoidable security interest in the asset that is the subject of such filing and reserve all rights as set forth in the Global Notes.

Certain of the amounts listed for parties on Schedule D may not be reflective of any accrued and unpaid interest, prepayment premiums, and other similar fees or expenses to which such parties may be entitled.

**Schedule E—Creditors Holding Unsecured Priority Claims**. The Debtors have not listed on Schedule E certain tax claims for which the Debtors have been granted authority (but not direction) to pay pursuant to a First Day Order. The Debtors believe that such claims have been, or will be, satisfied in the ordinary course of business during the Chapter 11 Case pursuant to the authority granted in the relevant First Day Orders. The Debtors and their estates reserve all rights to dispute or challenge whether creditors listed on Schedule E are entitled to priority claims.

**Schedule F—Creditors Holding Unsecured Non-Priority Claims**. Certain creditors listed on Schedule F may owe amounts to the Debtors; as such, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts, which rights are not reflected on Schedule F. Also, the amounts listed on Schedule F reflect known prepetition claims as of the Petition Date. Such amounts do not reflect any rights of setoff or recoupment that may be asserted by any creditors listed on Schedule F, and the Debtors and their estates reserve all rights to challenge any setoff and recoupment rights that may be asserted against them. The Debtors and their estates reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule F.

11

As noted above, certain claims listed on Schedule F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code, and the Debtors and their estates reserve all rights with respect to any such claims.

The Debtors have used commercially reasonable efforts to include all creditors on Schedule F; however, the Debtors believe that there are instances in which vendors have yet to provide proper invoices for prepetition goods or services. While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and not tracked on a vendor-by-vendor basis, and as such may not have been included on Schedule F.

The Debtors have received invoices from vendors which include services that were provided before and after the Petition Date. The Debtors have pro-rated these invoices in order to determine the pre-petition portion of the invoices and marked these claims as "unliquidated".

The Debtors may have listed on Schedule F certain (but not all) unsecured non-priority employee wage or benefit claims for which the Debtors have been granted authority (but not direction) to pay pursuant to a First Day Order. The Debtors believe that such claims have been, or will be, satisfied in the ordinary course of business during the Chapter 11 Case pursuant to the authority granted in the relevant First Day Orders. The Debtors and their estates reserve their rights to dispute or challenge whether creditors listed on Schedule F are entitled to priority claims.

**Schedule G—Executory Contracts and Unexpired Leases**. Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or over-inclusion may have occurred in preparing Schedule G. In the ordinary course of business, the Debtors enter into various agreements with their customers and vendors. The Debtors may have entered into various other types of agreements in the ordinary course of their business, such as indemnity agreements, supplemental agreements, letter agreements, and confidentiality agreements that may not be set forth in Schedule G. Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted executory contracts, unexpired leases and other agreements to which the Debtors are a party, including, without limitation, to add any executory contracts, unexpired leases and other agreements that the Debtors, due to the voluminous number of such contracts, leases and agreements, was unable to list on Schedule G at this time. Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date, or is valid or enforceable. The agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements that may not be listed on Schedule G.

Any and all rights, claims and causes of action of the Debtors and their estates with respect to the agreements listed on Schedule G are hereby reserved and preserved. The Debtors and their estates hereby reserve all of their rights to: (a) dispute the validity, status, or enforceability of any agreements set forth on Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document or instrument related to a creditor's claim, including, but not limited to,

the agreements listed on Schedule G; and (c) amend or supplement Schedule G, as necessary, including, without limitation, to modify which Debtor entity is a counterparty to the agreement.

## Specific Disclosures with Respect to the Debtors' Statements

**Part 2: List Certain Transfers Made Before Filing for Bankruptcy, Questions 3 and 4.** In the ordinary course of their businesses, the Debtors maintain a complex cash management system through which the Debtors facilitate the flow of funds. The Debtors disburse funds from the operating accounts which are used to satisfy their ordinary course operating expenses and financial obligations as further explained in the Cash Management Motion. Consequently, most, if not all, payments to creditors and insiders listed in response to Questions 3 and 4 on each of the Debtors' Statements reflect payments made by Pear Therapeutics (U.S.) Inc. pursuant to the Debtors' cash management system described in the Cash Management Motion. The Debtors conduct various business transactions among themselves and with their non-Debtor affiliates (the "**Intercompany Transactions**"), including moving cash within the Cash Management System between different Debtors and to and from the non-Debtor affiliate. The Debtors are able to track and account for each Intercompany Transaction and the resulting intercompany claims (the "**Intercompany Claims**"). All Intercompany Transactions and Intercompany Claims are appropriately recorded in each applicable Debtor's books and records.

Payments to insiders identified on Pear Therapeutics Inc. as "RSU" represents the taxable value of restricted stock units that vested during the period.

Other insiders listed in the report include with the titles Chief Financial Officer and Chief Operating Officer, Chief Executive Officer, Chief Accounting Officer, Chief Product Development Officer, Chief Commercial Officer, Chief People Officer, General Counsel, Chief Compliance Officer and Secretary, Chief Medical Officer and Head of Development, and Vice President, Financial Planning and Analysis. For confidentiality purposes, their addresses are not included.

Question 3 includes any disbursement or other transfer made by the Debtors except for those made to insiders (included in Statement 4), employee payroll and expense reimbursements and interbank transfers done as part of the Debtors' cash management system. In Question 3, disbursements made on account of multiple invoices may be reflected as a single payment.

**Part 3: Legal Actions or Assignments, Question 7**. The Debtors and their estates reserve all rights, claims, and defenses with respect to any and all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings). The listing of any such suits and proceedings shall not constitute an admission by the Debtors and their estates of any liabilities or that actions or proceedings were correctly filed against the Debtors. The Debtors and their estates reserve all rights to assert that any Debtor is not an appropriate party to such actions or proceedings. The Debtors may not have included on Statement 7 certain parties that may have asserted informal workers' compensation claims or similar claims that were resolved or otherwise addressed without formal litigation or an administrative hearing or similar proceeding having been commenced. Lawsuits which were commenced after the Petition Date, including that certain *Class Action Adversary Proceeding Complaint for Violation of WARN Act 29 U.S.C. § 2101, et seq. and*

*California Labor Code § 1400 et seq.* filed on April 10, 2023 (Adv. Pro. No. 23-50334) in the Bankruptcy Court have not been listed in Question 7.

**Part 6: Certain Payments or Transfers, Question 11**. Reported payments to Foley Hoag, LLP ("Foley Hoag") also include payments for time spent in representing the Debtors on other matters in addition to bankruptcy counseling and preparation. Payments to Foley Hoag are reflected only on the Statement for Pear Therapeutics, Inc. regardless of whether Foley Hoag provided services to one or more of the Debtors.

**Part 7: Previous Locations**. The Debtors have moved to reject their three office leases as of the Petition Date pursuant to that *First Omnibus Motion of the Debtors for Entry of an Order Authorizing (I) Rejection of Unexpired Leases and Subleases of Non-Residential real Property Effective as of April 30, 2023; and (II) Abandonment of Any Remaining Property* [Docket No. 61]. Going forward the Debtor's mailing address will be c/o Sonoran Capital Advisors, LLC, 1733 N Greenfield Rd., Suite 104, Mesa, AZ 85205.

**Part 9: Personally Identifiable Information**. The Debtors collect and/or retain personally identifiable information of customers, including without limitation, patients or prescribers. The Debtors' Privacy Policy is posted on their corporate page and can be accessed at https://peartherapeutics.com/privacy-policy/.  Certain privacy procedures have been approved by the Bankruptcy Court pursuant to *Final Order (I) Authorizing the Debtors to (A) File a Consolidated Creditor Matrix In Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors, (C) Redact Certain Personal Identification Information, and (II) Granting Related Relief* [Docket No. 90].

**Part 13: Details About the Debtors' Business or Connections to Any Business, Question 26**. Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, Pear Therapeutics Inc. and its subsidiaries have filed with the SEC reports on Form 10-K, Form 10-Q and Form 8-K, all of which are also available on its website. These SEC filings contain consolidated financial information. Since all of these filings are of public record, the Debtors do not maintain records of the parties that requested or obtained copies of such filings from the SEC or other regulatory body, or from the Debtors. In addition, the Debtors provide certain parties, such as banks, auditors, potential investors, vendors and financial advisors financial statements that may not be part of a public filing. The Debtors do not maintain complete lists to track such disclosures. As such, the Debtors have not provided lists of these parties in response to this question.

Due to the nature of their business and the necessity of public company-specific statutory guidance, the Debtors utilize multiple audit and advisory firms. Generally, these firms have provided the Debtors services for years, renewing engagement letters annually as appropriate and providing services on an as needed basis. Given the nature of these long-tenured relationships, the Debtors utilize historical payment dates to estimate the dates of service. Other third parties may have audited, compiled, or reviewed the Debtors' books, but are not included in the Debtors' responses to Statement Question 26b. The Debtors reserves the right to amend response to Question 26b in the event new information is uncovered.

**<u>Part 13: Details About the Debtors' Business or Connections to Any Business, Question 30</u>**.
For information related to payments and transfers to insiders, please refer to SOFA question number four.

**<u>Part 13: Details About the Debtors' Business or Connections to Any Business, Question 31</u>**.
The Debtors file tax returns on a consolidated level at the Pear Therapeutics, Inc. level. Certain tax obligations, refunds and net operating losses may therefore not be listed for an individual Debtor. Nothing in the Statements or Schedules is an admission that a particular Debtor is liable with respect to any particular tax liability. The failure to include a tax refund, or net operating loss, or to list the value of such net operating loss on an individual Debtor level is not an admission that such Debtor does not have a net operating loss, and the Debtors reserve all rights to assert net operating losses.

*****

**Fill in this information to identify the case:**

Debtor name: Pear Therapeutics (US), Inc.

United States Bankruptcy Court for the: District of Delaware

Case number: 23-10430

☐ Check if this is an amended filing

Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From<br>1/1/2023    to    Filing Date | ☑ Operating a business<br>☐ Other | $757,068.72 |
| For prior year: | From<br>1/1/2022    to    12/31/2022 | ☑ Operating a business<br>☐ Other | $13,165,756.05 |
| For the year before that: | From<br>1/1/2021    to    12/31/2021 | ☑ Operating a business<br>☐ Other | $4,428,162.33 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From<br>1/1/2023    to    Filing Date | Interest Income | $29,321.05 |
| For prior year: | From<br>1/1/2022    to    12/31/2022 | Interest Income | $278,762.73 |
| For the year before that: | From<br>1/1/2021    to    12/31/2021 | Interest Income | $219,319.19 |

## Part 2:   List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers - including expense reimbursements - to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1<br><br>See Attached Exhibit for SOFA 3 | | $27,791,730.13 | ☐ Secured debt<br><br>☐ Unsecured loan repayments<br><br>☐ Suppliers or vendors<br><br>☐ Services<br><br>☐ Other |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1<br><br>See Attached Exhibit for SOFA 4<br><br>Relationship to debtor | | $16,502,328.69 | ☐ Secured debt<br><br>☐ Unsecured loan repayments<br><br>☐ Suppliers or vendors<br><br>☐ Services<br><br>☐ Other |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.

Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1<br><br> | Last 4 digits of account number | | |

**Part 3:** **Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 **Name** Evan Grandfield v. Pear Therapeutics (US), Inc. **Case number** 23-10430 (TMH) | Class Action | Name United States Bankruptcy Court - District of Delaware Street 824 Market St N, 3rd Floor City Wilmington   State DE   Zip 19801 | ☑ Pending ☐ On appeal ☐ Concluded |
| 7.2 **Name** Masimo Corporation v. Pear Therapeutics (US), Inc. **Case number** 4:22-cv-04780-JST | TM Opposition and Cancellation | Name United States District Court - Northern District of California Street Ronald V. Dellums Federal Building & United States Courthouse Office of the Clerk 1301 Clay Street, Suite 400 S City Oakland   State CA   Zip 94612 | ☐ Pending ☑ On appeal ☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| 8.1 Custodian's name and address Street City   State   Zip | Case title Case number Date of order or assignment | Court name and address Name Street City   State   Zip |

**Part 4:    Certain Gifts and Charitable Contributions**

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 |  |  |  |

9.1

Recipient's name _____

Street _____

City _____ State ____ Zip ____

**Recipient's relationship to debtor**
_____

**Part 5:    Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 |  |  |  |

**Part 6:    Certain Payments or Transfers**

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 |  |  |  |

11.1

_____

**Email or website address**
_____

**Who made the payment, if not debtor?**
_____

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| 12.1 | | | |
| _____ | _____ | _____ | _____ |
| **Trustee** | | | |
| _____ | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property  by sale, trade, or any other means  made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 | | | |
| _____ | _____ | _____ | _____ |
| Relationship to debtor | | | |
| _____ | | | |

| **Part 7:** | **Previous Locations** |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | | Dates of occupancy | |
|---|---|---|---|
| 14.1 | | | |
| Street | | From | to |
| 2300 Rexwoods Drive, Rexwoods Office Park, Rexwoods V - Suite 250 | | 2/1/2021 | 1/8/2023 |
| City | State | Zip | |
| Raleigh | NC | 27607 | |

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

☐ diagnosing or treating injury, deformity, or disease, or

☐ providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 | | |

Street _____

City _____  State ____  Zip ____

**Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider

**How are records kept?**
Check all that apply:

☐ Electronically

☐ Paper

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained.  Names, Addresses, Email Addresses, Birth Date, Telephone Numbers, IP address

Does the debtor have a privacy policy about that information?

☐ No

☑ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| | |

Has the plan been terminated?

☐ No

☐ Yes

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 | | | | |
| Name<br>First Citizens Bank - SVB (Silicon Valley Bank)<br>Street<br>3003 Tasman Dr<br>City: Santa Clara  State: CA  Zip: 95054 | 7165 | ☐ Checking<br>☐ Savings<br>☑ Money market<br>☐ Brokerage<br>☐ Other | 3/23/2023 | $0.00 |

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1 | | | |
| Name<br>Street<br>City: State: Zip: | Address | | ☐ No<br>☐ Yes |

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1 | | | |
| Name<br>Street<br>City: State: Zip: | Address | | ☐ No<br>☐ Yes |

| Part 11: | **Property the Debtor Holds or Controls that the Debtor Does Not Own** |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 | | | |

| Part 12: | **Details About Environmental Information** |
|---|---|

**For the purpose of Part 12, the following definitions apply:**

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders

☑ No.

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| 22.1 <br><br> Case Number | Name <br><br> Street <br><br> City     State   Zip | | ☐ Pending <br> ☐ On appeal <br> ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 23.1 <br> Name <br><br> Street <br><br> City   State   Zip | Name <br><br> Street <br><br> City     State   Zip | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 | | | |
| Name | Name | | |
| Street | Street | | |
| City   State   Zip | City   State   Zip | | |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 | | EIN |
| | | **Dates business existed** |
| | | From      to |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1 | |
| Chris Guiffre - Chief Financial Officer<br>200 State Street<br>13th Floor<br>Boston, MA 02109 | From   4/7/2021      to   Present |
| 26a.2 | |
| Ellen Snow - Chief Accounting Officer<br>200 State Street<br>13th Floor<br>Boston, MA 02109 | From   4/7/2021      to   Present |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1 | |
| Deloitte & Touche LLP<br>200 Berkeley St<br>10th Floor<br>Boston, MA 02116 | From   1/1/2021      to   3/31/2023 |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case was filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 Chris Guiffre - Chief Financial Officer<br>200 State Street<br>13th Floor<br>Boston, MA 02109 | |
| 26c.2 Ellen Snow - Chief Accounting Officer<br>200 State Street<br>13th Floor<br>Boston, MA 02109 | |
| 26c.3 Tom Brussard - VP, Finance<br>200 State Street<br>13th Floor<br>Boston, MA 02109 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1 Securities & Exchange Commission<br>100 F Street NE<br>Washington, DC 20549 |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| 28.1 Pear Therapeutics, Inc.<br>200 State Street 13th Floor<br>Boston, MA 02109 | Parent Company | 100% |
| 28.2 Chris Guiffre - Chief Financial Officer<br>200 State Street<br>13th Floor<br>Boston, MA 02109 | Chief Financial Officer & Chief Operating Officer | N/A |

| 28.3 | | |
|---|---|---|
| Ellen Snow - Chief Accounting Officer<br>200 State Street<br>13th Floor<br>Boston, MA 02109 | Chief Accounting Officer | N/A |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name and Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|
| 29.1<br>Corey McCann<br>200 State Street<br>13th Floor<br>Boston, MA 02109 | Former Chief Executive Officer & President | From<br>8/1/2013<br>to<br>4/6/2023 |
| 29.2<br>Erin Brenner<br>200 State Street<br>13th Floor<br>Boston, MA 02109 | Former Chief Product Development Officer | From<br>6/1/2020<br>to<br>4/6/2023 |
| 29.3<br>Julia Strandberg<br>200 State Street<br>13th Floor<br>Boston, MA 02109 | Former Chief Commercial Officer | From<br>7/1/2019<br>to<br>3/10/2023 |
| 29.4<br>Kathy Jeffery<br>200 State Street<br>13th Floor<br>Boston, MA 02109 | Former Chief People Officer | From<br>6/1/2019<br>to<br>2/17/2023 |
| 29.5<br>Ronan O'Brien<br>200 State Street<br>13th Floor<br>Boston, MA 02109 | Former General Counsel, Chief Compliance Officer & Secretary | From<br>3/1/2018<br>to<br>4/6/2023 |
| 29.6<br>Yuri Maricich<br>200 State Street<br>13th Floor<br>Boston, MA 02109 | Former Chief Medical Officer & Head of Development | From<br>10/1/2017<br>to<br>4/6/2023 |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 | | | |
| See attached Exhibit for SOFA 4 | | | |

| Relationship To Debtor |
|---|
| |

**31.Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1 | |
| Pear Therapeutics, Inc. | EIN   85-4103092 |

**32.Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | |
| | EIN |

**SOFA 3 ATTACHMENT**
Certain payments or transfers to creditors within 90 days before filing this case

| Creditor's Name | Attention | Address 1 | Address 2 | City | State | ZIP | Country | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|---|---|---|---|---|---|
| Alusus Software Ltd. | | 10052 128 Street | | Surrey | BC | V3T2Y9 | Canada | 4/6/2023 | $34,488.75 | Suppliers or vendors |
| Alusus Software Ltd. | | 10052 128 Street | | Surrey | BC | V3T2Y9 | Canada | 2/23/2023 | $20,208.75 | Suppliers or vendors |
| Amazon Web Services | Attn: Adam Selipsky, CEO | PO Box 84023 | | Seattle | WA | 98124-8423 | | 3/2/2023 | $58,762.71 | Suppliers or vendors |
| Armstrong Teasdale LLP | | 7700 Forsyth Blvd | Suite 1800 | St. Louis | MO | 63105-1807 | | 4/5/2023 | $5,000.00 | Suppliers or vendors |
| Armstrong Teasdale LLP | | 7700 Forsyth Blvd | Suite 1800 | St. Louis | MO | 63105-1807 | | 2/23/2023 | $640.00 | Suppliers or vendors |
| Armstrong Teasdale LLP | | 7700 Forsyth Blvd | Suite 1800 | St. Louis | MO | 63105-1807 | | 4/4/2023 | $20,000.00 | Suppliers or vendors |
| Arthur J. Gallagher Risk Management Services, Inc. | | 2850 Golf Road | | Rolling Meadows | IL | 60008 | | 2/23/2023 | $105,497.28 | Suppliers or vendors |
| Arthur J. Gallagher Risk Management Services, Inc. | | 2850 Golf Road | | Rolling Meadows | IL | 60008 | | 3/13/2023 | $3,611,875.00 | Suppliers or vendors |
| Blue Cross Blue Shield of MA, Inc. | | 101 Huntington Avenue | Suite 1300 | Boston | MA | 02199 | | 2/1/2023 | $412,732.67 | Suppliers or vendors |
| Blue Cross Blue Shield of MA, Inc. | | 101 Huntington Avenue | Suite 1300 | Boston | MA | 02199 | | 3/1/2023 | $55,718.61 | Suppliers or vendors |
| Blue Cross Blue Shield of MA, Inc. | | 101 Huntington Avenue | Suite 1300 | Boston | MA | 02199 | | 4/3/2023 | $252,085.75 | Suppliers or vendors |
| CA- Mission Street LP c/o LaSalle Investment Management Inc. | Attn: Stacie Hill | One Front Street | Suite 2100 | San Francisco | CA | 94111 | | 3/29/2023 | $0.00 | Suppliers or vendors |
| CA- Mission Street LP c/o LaSalle Investment Management Inc. | Attn: Stacie Hill | One Front Street | Suite 2100 | San Francisco | CA | 94111 | | 1/26/2023 | $128,492.45 | Suppliers or vendors |
| CA- Mission Street LP c/o LaSalle Investment Management Inc. | Attn: Stacie Hill | One Front Street | Suite 2100 | San Francisco | CA | 94111 | | 2/23/2023 | $128,312.73 | Suppliers or vendors |
| Capitol Advocacy, LLC | | 1301 I Street | | Sacramento | CA | 95814 | | 2/2/2023 | $8,000.00 | Suppliers or vendors |
| CDW, LLC dba CDW Direct LLC, CDW Direct | | 200 N Milwaukee Avenue | | Vernon Hills | IL | 60061 | | 2/23/2023 | $5,800.00 | Suppliers or vendors |
| CDW, LLC dba CDW Direct LLC, CDW Direct | | 200 N Milwaukee Avenue | | Vernon Hills | IL | 60061 | | 2/2/2023 | $17,321.07 | Suppliers or vendors |
| CNA | | PO Box 790094 | | St. Louis | MO | 63179 | | 4/6/2023 | $24,163.39 | Suppliers or vendors |
| Corporation Service Company | | 251 Little Falls Drive | | Wilmington | DE | 19808 | | 2/23/2023 | $80,050.00 | Suppliers or vendors |
| Covington & Burling LLP | Attn: Doug Gibson, Chair of Mgmt | One CityCenter | 850 Tenth Street, N.W. | Washington | DC | 20001 | | 2/2/2023 | $10,915.00 | Suppliers or vendors |
| CP MA REIT LLC dba CP 200 State LLC | Attn: John A. Schissel, President & | c/o Carr Properties | 1615 L Street, NW | Washington | DC | 20036 | | 3/29/2023 | $0.00 | Suppliers or vendors |
| CP MA REIT LLC dba CP 200 State LLC | Attn: John A. Schissel, President & | c/o Carr Properties | 1615 L Street, NW | Washington | DC | 20036 | | 1/26/2023 | $117,458.67 | Suppliers or vendors |
| CP MA REIT LLC dba CP 200 State LLC | Attn: John A. Schissel, President & | c/o Carr Properties | 1615 L Street, NW | Washington | DC | 20036 | | 2/23/2023 | $115,488.67 | Suppliers or vendors |
| Definitive Healthcare LLC | Attn: Robert Musslewhite, CEO | 492 Old Connecticut Path | | Framingham | MA | 01701 | | 2/2/2023 | $79,805.75 | Suppliers or vendors |
| Definitive Healthcare LLC | Attn: Robert Musslewhite, CEO | 492 Old Connecticut Path | | Framingham | MA | 01701 | | 3/2/2023 | $16,685.00 | Suppliers or vendors |
| Deloitte Tax LLP | Attn: Steve Kimble, CEO | 4022 Sells Drive | | Hermitage | TN | 37076 | | 4/5/2023 | $2,325.00 | Suppliers or vendors |
| Deloitte Tax LLP | Attn: Steve Kimble, CEO | 4022 Sells Drive | | Hermitage | TN | 37076 | | 3/29/2023 | $32,760.00 | Suppliers or vendors |
| Deloitte Tax LLP | Attn: Steve Kimble, CEO | 4022 Sells Drive | | Hermitage | TN | 37076 | | 4/4/2023 | $46,500.00 | Suppliers or vendors |
| Digital Media Innovations, LLC | | 3065 South Broadway | | Englewood | CA | 80113 | | 3/2/2023 | $8,126.25 | Suppliers or vendors |
| DocuSign | | 221 Main Street | Suite 1550 | San Francisco | CA | 94105 | | 2/23/2023 | $92,406.44 | Suppliers or vendors |
| Edwards Health Care Services, Inc. | | 5640 Hudson Industrial Parkway | | Hudson | OH | 44236 | | 3/14/2023 | $19,045.00 | Suppliers or vendors |
| Fingerpaint Marketing Inc | Attn: Ed Mitzen, CEO | 395 Broadway | | Saratoga Springs | NY | 12866 | | 2/2/2023 | $61,991.94 | Suppliers or vendors |
| Fingerpaint Marketing Inc | Attn: Ed Mitzen, CEO | 395 Broadway | | Saratoga Springs | NY | 12866 | | 3/2/2023 | $160,505.75 | Suppliers or vendors |
| Five9, Inc | | 4000 Executive Parkway | #400 | San Ramon | CA | 94583 | | 3/2/2023 | $13,156.22 | Suppliers or vendors |
| Foley Hoag, LLP | | Seaport West | 155 Seaport Blvd | Boston | MA | 02210 | | 3/14/2023 | $5,985.00 | Suppliers or vendors |
| Foley Hoag, LLP | | Seaport West | 155 Seaport Blvd | Boston | MA | 02210 | | 3/2/2023 | $68,789.50 | Suppliers or vendors |
| Frederic W. Cook & Co, Inc | | 685 Third Avenue | 28th Floor | New York | NY | 10017 | | 3/14/2023 | $7,606.00 | Suppliers or vendors |
| Gardner Resources Consulting LLC | Attn: Steve Naha, CEO | 110 Cedar Street, Suite 20 | | Wellesley | MA | 02481 | | 2/2/2023 | $14,256.00 | Suppliers or vendors |
| Golin Harris International | Attn: Matt Neale, CEO | 909 3rd Avenue | | New York | NY | 10022 | | 2/2/2023 | $1,741.53 | Suppliers or vendors |
| Golin Harris International | Attn: Matt Neale, CEO | 909 3rd Avenue | | New York | NY | 10022 | | 3/2/2023 | $146,345.01 | Suppliers or vendors |
| Harness, Inc | | 116 New Montgomery Street | Suite 200 | San Francisco | CA | 94105 | | 2/2/2023 | $10,257.81 | Suppliers or vendors |
| Harness, Inc | | 116 New Montgomery Street | Suite 200 | San Francisco | CA | 94105 | | 3/2/2023 | $13,256.25 | Suppliers or vendors |
| Highwoods Realty Limited Partnership | Attn: Lease Administration and Legal | 3100 Smoketree Court | Suite 600 | Raleigh | NC | 27604 | | 1/26/2023 | $18,304.45 | Suppliers or vendors |
| Highwoods Realty Limited Partnership | Attn: Lease Administration and Legal | 3100 Smoketree Court | Suite 600 | Raleigh | NC | 27604 | | 2/23/2023 | $18,304.45 | Suppliers or vendors |
| Honigman LLP | | 39400 Woodward Avenue | Suite 101 | Bloomfield Hills | MI | 48304 | | 3/14/2023 | $73,809.41 | Suppliers or vendors |
| Human Resource Concepts, LLC dba HRC Total Solutions | | 111 Charles Street | | Manchester | NH | 03101 | | 2/23/2023 | $28,474.85 | Suppliers or vendors |
| Human Resource Concepts, LLC dba HRC Total Solutions | | 111 Charles Street | | Manchester | NH | 03101 | | 4/4/2023 | $40,444.51 | Suppliers or vendors |
| Human Resource Concepts, LLC dba HRC Total Solutions | | 111 Charles Street | | Manchester | NH | 03101 | | 4/6/2023 | $66,191.96 | Suppliers or vendors |

**SOFA 3 ATTACHMENT**
Certain payments or transfers to creditors within 90 days before filing this case

| Creditor's Name | Attention | Address 1 | Address 2 | City | State | ZIP | Country | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|---|---|---|---|---|---|
| Human Resource Concepts, LLC dba HRC Total Solutions | | 111 Charles Street | | Manchester | NH | 03101 | | 2/2/2023 | $27,958.31 | Suppliers or vendors |
| IOvations, Inc. | | 26 Ray Ave | | Burlington | MA | 01803 | | 3/29/2023 | $10,932.72 | Suppliers or vendors |
| Jennifer D Ashby | | Address on File | | | | | | 1/19/2023 | $18,000.00 | Suppliers or vendors |
| Jeremy Ferguson dba Jeremy Ferguson, | | 32 Juliette Street | | Boston | MA | 02122 | | 3/29/2023 | $1,250.00 | Suppliers or vendors |
| Jeremy Ferguson dba Jeremy Ferguson, | | 32 Juliette Street | | Boston | MA | 02122 | | 2/2/2023 | $16,625.00 | Suppliers or vendors |
| Jeremy Ferguson dba Jeremy Ferguson, | | 32 Juliette Street | | Boston | MA | 02122 | | 3/14/2023 | $9,187.50 | Suppliers or vendors |
| Jeremy Ferguson dba Jeremy Ferguson, | | 32 Juliette Street | | Boston | MA | 02122 | | 3/27/2023 | $13,250.00 | Suppliers or vendors |
| Jill S. Schwartz & Associates, P.A. | | 655 West Morse Blvd. | Suite 212 | Winter Park | FL | 32789 | | 1/19/2023 | $24,000.00 | Suppliers or vendors |
| K&L Gates LLP | | 210 Sixth Avenue | | Pittsburgh | PA | 15222 | | 2/2/2023 | $8,000.00 | Suppliers or vendors |
| K&L Gates LLP | | 210 Sixth Avenue | | Pittsburgh | PA | 15222 | | 2/23/2023 | $8,000.00 | Suppliers or vendors |
| Kaiser Permanente | | PO Box 23219 | | San Diego | CA | 92193 | | 3/1/2023 | $13,949.72 | Suppliers or vendors |
| Kaiser Permanente | | PO Box 23219 | | San Diego | CA | 92193 | | 3/14/2023 | $13,949.72 | Suppliers or vendors |
| Martha Carruthers | | Address on File | | | | | | 2/28/2023 | $73,781.22 | Suppliers or vendors |
| Martha Carruthers | | Address on File | | | | | | 3/28/2023 | $33,969.13 | Suppliers or vendors |
| Martha Carruthers | | Address on File | | | | | | 4/6/2023 | $14,667.87 | Suppliers or vendors |
| Martha Carruthers | | Address on File | | | | | | 1/27/2023 | $21,146.92 | Suppliers or vendors |
| Mason Frank International | | 501 E Kennedy Blvd | Suite 1900 | Tampa | FL | 33602 | | 3/2/2023 | $6,115.80 | Suppliers or vendors |
| Mason Frank International | | 501 E Kennedy Blvd | Suite 1900 | Tampa | FL | 33602 | | 2/2/2023 | $3,057.90 | Suppliers or vendors |
| Mason Frank International | | 501 E Kennedy Blvd | Suite 1900 | Tampa | FL | 33602 | | 2/23/2023 | $15,289.50 | Suppliers or vendors |
| McGrath Consulting Group, Inc. | Attn: John P McGarth, President | 2077 2nd Street Dr NW | | Hickory | NC | 28601 | | 3/2/2023 | $17,399.36 | Suppliers or vendors |
| Monocl AB | | Redegatan 1B | | Vastra Frolunda | | 42677 | Sweden | 2/3/2023 | $41,500.00 | Suppliers or vendors |
| MultiMedia Medical, LLC | | 2 Clarke Drive | Suite 100 | Cranbury | NJ | 08512 | | 2/2/2023 | $85,000.00 | Suppliers or vendors |
| Palantir Technologies Inc | | 1555 Blake Street | Suite 250 | Denver | CO | 80202 | | 2/2/2023 | $16,978.38 | Suppliers or vendors |
| Panalgo LLC | Attn: Tiffany Siu Woodworth, President | 265 Franklin Street, Suite 1101 | | Boston | MA | 02110 | | 3/2/2023 | $42,000.00 | Suppliers or vendors |
| Perceptive Credit Holdings III, LP | | 51 Astor Pl | Fl 10 | New York | NY | 10003 | | 1/26/2023 | $397,058.33 | Suppliers or vendors |
| Perceptive Credit Holdings III, LP | | 51 Astor Pl | Fl 10 | New York | NY | 10003 | | 2/23/2023 | $363,300.00 | Suppliers or vendors |
| Perceptive Credit Holdings III, LP | | 51 Astor Pl | Fl 10 | New York | NY | 10003 | | 3/29/2023 | $424,473.23 | Suppliers or vendors |
| Perceptive Credit Holdings III, LP | | 51 Astor Pl | Fl 10 | New York | NY | 10003 | | 4/6/2023 | $18,660,000.00 | Suppliers or vendors |
| Q2i LLC | Attn: Steven Jenkins, CEO | 134 Birch Drive | | Rindge | NH | 04361 | | 3/14/2023 | $141,176.46 | Suppliers or vendors |
| Randstad | | 3625 Cumberland Blvd. | Suite 600 | Atlanta | GA | 30339 | | 2/23/2023 | $2,603.20 | Suppliers or vendors |
| Randstad | | 3625 Cumberland Blvd. | Suite 600 | Atlanta | GA | 30339 | | 2/2/2023 | $9,615.91 | Suppliers or vendors |
| Randstad | | 3625 Cumberland Blvd. | Suite 600 | Atlanta | GA | 30339 | | 3/14/2023 | $8,878.22 | Suppliers or vendors |
| RSM US LLP | | 80 City Square | | Boston | MA | 02129 | | 3/14/2023 | $15,000.00 | Suppliers or vendors |
| Salesforce.com, Inc | | 415 Mission Street | 3rd Floor | San Francisco | CA | 94105 | | 2/23/2023 | $5,920.20 | Suppliers or vendors |
| Salesforce.com, Inc | | 415 Mission Street | 3rd Floor | San Francisco | CA | 94105 | | 3/2/2023 | $344,517.50 | Suppliers or vendors |
| Schellman & Company LLC | Attn: Avani Desai, CEO | 4010 West Boy Scout Blvd, Suite 600 | | Tampa | FL | 33607 | | 3/2/2023 | $23,750.00 | Suppliers or vendors |
| Sikich LLP | | 1415 W. Diehl Road | Suite 400 | Naperville | IL | 60563 | | 3/29/2023 | $15,000.00 | Suppliers or vendors |
| Softchoice Corporation | | 20 Mowat Avenue | | Toronto | ON | M6K 3E8 | Canada | 3/2/2023 | $5,686.50 | Suppliers or vendors |
| Softchoice Corporation | | 20 Mowat Avenue | | Toronto | ON | M6K 3E8 | Canada | 4/4/2023 | $11,373.00 | Suppliers or vendors |
| Solutions Through Software Inc | | 2295 S. Hiawassee Road | Suite 208 | Orlando | FL | 32835 | | 2/23/2023 | $13,505.00 | Suppliers or vendors |
| SunLife Financial | | One Sun Life Executive Park | | Wellesley Hills | MA | 02481 | | 3/2/2023 | $19,678.40 | Suppliers or vendors |
| SunLife Financial | | One Sun Life Executive Park | | Wellesley Hills | MA | 02481 | | 4/4/2023 | $38,050.20 | Suppliers or vendors |
| Tango Card, Inc. | | 4700 42nd Ave SW | Suite 430A | Seattle | WA | 98116 | | 1/18/2023 | $150,000.00 | Suppliers or vendors |
| Tango Card, Inc. | | 4700 42nd Ave SW | Suite 430A | Seattle | WA | 98116 | | 2/23/2023 | $150,000.00 | Suppliers or vendors |
| Tress Capital Advisors, LLC | | 75 Mosher Road | | Glenmont | NY | 12077 | | 2/2/2023 | $7,700.00 | Suppliers or vendors |
| Truepill, Inc | Attn: Umar Afridi, CEO | 3121 Diablo Avenue | | Hayward | CA | 94545 | | 2/2/2023 | $70,781.14 | Suppliers or vendors |
| TTEC Holdings, Inc. dba TTEC Government Solutions, LLC | Attn: Kenneth Tuchman, CEO | 9197 South Peoria Street | | Englewood | CO | 80112 | | 3/2/2023 | $48,468.00 | Suppliers or vendors |
| VSP | | PO Box 742788 | | Los Angeles | CA | 90074 | | 3/14/2023 | $5,959.46 | Suppliers or vendors |
| VSP | | PO Box 742788 | | Los Angeles | CA | 90074 | | 4/4/2023 | $3,158.71 | Suppliers or vendors |
| WilliamsMarston LLC | | 800 Boylston Street | 16th Floor | Boston | MA | 02199 | | 2/23/2023 | $6,020.35 | Suppliers or vendors |
| WilliamsMarston LLC | | 800 Boylston Street | 16th Floor | Boston | MA | 02199 | | 3/14/2023 | $31,385.39 | Suppliers or vendors |
| WilliamsMarston LLC | | 800 Boylston Street | 16th Floor | Boston | MA | 02199 | | 2/2/2023 | $12,576.30 | Suppliers or vendors |
| Xtivia, Inc. | | 2035 Lincoln Highway | Suite 1010 | Edison | NJ | 08817 | | 3/2/2023 | $10,000.00 | Suppliers or vendors |
| | | | | | | | | **Total** | **$27,791,730.13** | |

**SOFA 4 ATTACHMENT**

Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Insider's Name | Address 1 | Address 2 | Address 3 | City | State | ZIP | Country | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 4/15/2022 | $18,153.75 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 4/29/2022 | $18,688.75 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 5/13/2022 | $18,153.75 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 5/31/2022 | $18,688.75 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 6/1/2022 | $5,636.58 | Expense reimbursement |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 6/15/2022 | $18,153.75 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 6/30/2022 | $18,688.75 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 6/30/2022 | $3,402.78 | Expense reimbursement |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 7/15/2022 | $11,729.21 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 7/15/2022 | $6,692.04 | Paid Time Off |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 7/15/2022 | $515.17 | Expense reimbursement |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 7/29/2022 | $18,421.25 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 8/15/2022 | $18,421.25 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 8/15/2022 | $419.23 | Expense reimbursement |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 8/31/2022 | $13,402.22 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 8/31/2022 | $5,019.03 | Paid Time Off |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 8/31/2022 | $777.27 | Expense reimbursement |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 9/15/2022 | $18,421.25 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 9/30/2022 | $18,421.25 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 10/14/2022 | $18,421.25 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 10/14/2022 | $326.90 | Expense reimbursement |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 10/31/2022 | $18,421.25 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 11/1/2022 | $2,143.51 | Expense reimbursement |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 11/15/2022 | $18,421.25 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 11/30/2022 | $16,748.24 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 11/30/2022 | $1,673.01 | Paid Time Off |

**SOFA 4 ATTACHMENT**

Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Insider's Name | Address 1 | Address 2 | Address 3 | City | State | ZIP | Country | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 11/30/2022 | $952.16 | Expense reimbursement |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 12/15/2022 | $18,421.25 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 12/30/2022 | $18,421.25 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 12/31/2022 | $621.47 | Expense reimbursement |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 1/11/2023 | $334.09 | Expense reimbursement |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 1/13/2023 | $8,340.27 | Holiday |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 1/24/2023 | $60,885.00 | RSU Grant |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 1/27/2023 | $16,321.01 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 2/10/2023 | $16,321.01 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 2/15/2023 | $2,399,999.70 | RSU Grant |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 2/15/2023 | $145,725.00 | Bonus |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 2/24/2023 | $16,321.01 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 3/10/2023 | $16,321.01 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 3/15/2023 | $46,121.04 | Paid Time Off |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 3/24/2023 | $16,321.01 | Salary |
| Christopher Guiffre | Address on File | | | | | | | Chief Financial Officer & Chief Operating Officer | 4/6/2023 | $16,321.01 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 4/4/2022 | $5,941.88 | Expense reimbursement |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 4/15/2022 | $22,929.17 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 4/29/2022 | $22,929.17 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 5/13/2022 | $22,929.17 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 5/16/2022 | $3,019.77 | Expense reimbursement |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 5/31/2022 | $22,929.17 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 6/2/2022 | $2,866.13 | Expense reimbursement |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 6/15/2022 | $22,929.17 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 6/30/2022 | $22,929.17 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 7/15/2022 | $22,929.17 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 7/29/2022 | $22,929.17 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 8/15/2022 | $22,929.17 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 8/15/2022 | $1,060.08 | Expense reimbursement |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 8/31/2022 | $16,583.26 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 8/31/2022 | $6,345.91 | Paid Time Off |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 8/31/2022 | $639.84 | Expense reimbursement |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 9/15/2022 | $22,929.17 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 9/30/2022 | $22,929.17 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 9/30/2022 | $2,717.09 | Expense reimbursement |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 10/14/2022 | $22,929.17 | Salary |

SOFA 4 ATTACHMENT

Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Insider's Name | Address 1 | Address 2 | Address 3 | City | State | ZIP | Country | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 10/31/2022 | $20,813.87 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 10/31/2022 | $2,115.30 | Paid Time Off |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 11/1/2022 | $2,388.60 | Expense reimbursement |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 11/15/2022 | $22,929.17 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 11/30/2022 | $18,698.57 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 11/30/2022 | $4,230.60 | Paid Time Off |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 12/14/2022 | $3,974.93 | Expense reimbursement |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 12/15/2022 | $22,929.17 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 12/30/2022 | $16,583.26 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 12/30/2022 | $6,345.91 | Paid Time Off |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 12/31/2022 | $448.91 | Expense reimbursement |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 1/13/2023 | $8,153.92 | Paid Time Off |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 1/13/2023 | $2,092.37 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 1/24/2023 | $108,240.00 | RSU |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 1/27/2023 | $20,438.51 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 2/10/2023 | $19,419.27 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 2/10/2023 | $1,019.24 | Paid Time Off |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 2/15/2023 | $2,999,999.10 | RSU Grant |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 2/15/2023 | $221,100.00 | Bonus |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 2/24/2023 | $20,438.51 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 3/10/2023 | $20,438.51 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 3/15/2023 | $22,209.24 | Paid Time Off |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 3/24/2023 | $20,438.51 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 4/6/2023 | $12,031.17 | Expense reimbursement |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 4/6/2023 | $1,691.58 | Expense reimbursement |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 4/6/2023 | $30,684.80 | Salary |
| Corey McCann | Address on File | | | | | | | Former Chief Executive Officer | 4/6/2023 | $20,384.80 | Severance |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 4/4/2022 | $459.87 | Expense reimbursement |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 4/15/2022 | $13,153.75 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 4/15/2022 | $439.04 | Expense reimbursement |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 4/29/2022 | $13,688.75 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 5/13/2022 | $13,153.75 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 5/16/2022 | $1,002.77 | Expense reimbursement |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 5/31/2022 | $13,688.75 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 6/15/2022 | $13,153.75 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 6/17/2022 | $1,579.74 | Expense reimbursement |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 6/30/2022 | $13,688.75 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 6/30/2022 | $275.00 | Expense reimbursement |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 7/15/2022 | $13,421.25 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 7/29/2022 | $13,421.25 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 8/15/2022 | $13,421.25 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 8/31/2022 | $13,421.25 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 9/15/2022 | $13,421.25 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 9/30/2022 | $13,421.25 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 10/14/2022 | $13,421.25 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 10/31/2022 | $13,421.25 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 11/1/2022 | $201.83 | Expense reimbursement |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 11/15/2022 | $13,421.25 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 11/30/2022 | $12,209.76 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 11/30/2022 | $1,211.49 | Paid Time Off |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 12/15/2022 | $13,421.25 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 12/30/2022 | $13,421.25 | Salary |

**SOFA 4 ATTACHMENT**

Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Insider's Name | Address 1 | Address 2 | Address 3 | City | State | ZIP | Country | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 1/11/2023 | $2,273.95 | Expense reimbursement |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 1/13/2023 | $6,393.99 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 1/24/2023 | $24,993.60 | RSU |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 1/27/2023 | $12,451.77 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 2/10/2023 | $12,451.77 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 2/15/2023 | $209,857.20 | RSU Grant |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 2/15/2023 | $73,868.00 | Bonus |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 2/16/2023 | $41,600.00 | RSU Grant |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 2/24/2023 | $12,451.77 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 3/10/2023 | $12,451.77 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 3/10/2023 | $59.65 | Expense reimbursement |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 3/15/2023 | $36,345.60 | Paid Time Off |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 3/24/2023 | $30,000.00 | Bonus |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 3/24/2023 | $12,451.77 | Salary |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 3/28/2023 | $95,000.00 | Bonus |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 4/6/2023 | $79.98 | Expense reimbursement |
| Ellen Snow | Address on File | | | | | | | Chief Accounting Officer | 4/6/2023 | $12,451.77 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 4/15/2022 | $14,997.92 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 4/15/2022 | $373.20 | Expense reimbursement |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 4/29/2022 | $18,298.20 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 5/13/2022 | $14,997.92 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 5/16/2022 | $1,761.07 | Expense reimbursement |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 5/31/2022 | $18,298.20 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 6/1/2022 | $7,900.00 | Expense reimbursement |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 6/15/2022 | $14,997.92 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 6/16/2022 | $3,103.88 | Expense reimbursement |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 6/30/2022 | $15,532.92 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 7/15/2022 | $12,500.14 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 7/15/2022 | $2,765.28 | Paid Time Off |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 7/27/2022 | $245.61 | Expense reimbursement |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 7/29/2022 | $15,265.42 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 8/15/2022 | $15,265.42 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 8/15/2022 | $110.60 | Expense reimbursement |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 8/31/2022 | $13,826.39 | Paid Time Off |

**SOFA 4 ATTACHMENT**

Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Insider's Name | Address 1 | Address 2 | Address 3 | City | State | ZIP | Country | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 8/31/2022 | $1,439.03 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 8/31/2022 | $348.00 | Expense reimbursement |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 9/15/2022 | $15,265.42 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 9/30/2022 | $15,265.42 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 10/14/2022 | $15,265.42 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 10/31/2022 | $15,265.42 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 11/1/2022 | $96.53 | Expense reimbursement |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 11/15/2022 | $15,265.42 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 11/30/2022 | $13,882.78 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 11/30/2022 | $1,382.64 | Paid Time Off |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 12/14/2022 | $639.93 | Expense reimbursement |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 12/15/2022 | $15,265.42 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 12/30/2022 | $13,882.78 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 12/30/2022 | $1,382.64 | Paid Time Off |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 1/13/2023 | $7,249.99 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 1/24/2023 | $27,060.00 | RSU |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 1/27/2023 | $14,163.31 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 2/1/2023 | $117.01 | Expense reimbursement |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 2/10/2023 | $14,163.31 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 2/10/2023 | $2,073.90 | Expense reimbursement |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 2/15/2023 | $999,999.00 | RSU Grant |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 2/15/2023 | $120,433.00 | Bonus |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 2/24/2023 | $14,163.31 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 3/10/2023 | $14,163.31 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 3/15/2023 | $9,533.85 | Paid Time Off |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 3/24/2023 | $14,163.31 | Salary |

**SOFA 4 ATTACHMENT**

Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Insider's Name | Address 1 | Address 2 | Address 3 | City | State | ZIP | Country | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 4/6/2023 | $21,145.80 | Salary |
| Erin Brenner | Address on File | | | | | | | Former Chief Product Development Officer | 4/6/2023 | $13,827.20 | Severance |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 4/4/2022 | $3,142.19 | Expense reimbursement |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 4/15/2022 | $3,624.72 | Expense reimbursement |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 5/16/2022 | $8,347.31 | Expense reimbursement |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 6/1/2022 | $5,737.93 | Expense reimbursement |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 7/15/2022 | $4,660.15 | Expense reimbursement |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 8/15/2022 | $5,372.93 | Expense reimbursement |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 9/16/2022 | $4,043.70 | Expense reimbursement |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 11/1/2022 | $8,856.62 | Expense reimbursement |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 11/30/2022 | $5,607.00 | Expense reimbursement |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 12/31/2022 | $2,747.04 | Expense reimbursement |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 1/11/2023 | $1,431.05 | Expense reimbursement |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 2/10/2023 | $370.83 | Expense reimbursement |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 2/15/2023 | $1,479,999.15 | RSU Grant |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 3/10/2023 | $6,167.21 | Expense reimbursement |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 4/15/2022 | $17,310.42 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 4/29/2022 | $17,310.42 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 5/13/2022 | $17,310.42 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 5/31/2022 | $17,310.42 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 6/15/2022 | $17,310.42 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 6/30/2022 | $17,310.42 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 7/15/2022 | $17,310.42 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 7/29/2022 | $17,310.42 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 8/15/2022 | $17,310.42 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 8/31/2022 | $17,310.42 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 9/15/2022 | $17,310.42 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 9/30/2022 | $17,310.42 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 10/14/2022 | $17,310.42 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 10/31/2022 | $17,310.42 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 11/15/2022 | $17,310.42 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 11/30/2022 | $17,310.42 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 12/15/2022 | $17,310.42 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 12/30/2022 | $17,310.42 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 1/13/2023 | $8,040.46 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 1/24/2023 | $40,590.00 | RSU |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 1/27/2023 | $16,021.20 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 2/10/2023 | $16,021.20 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 2/15/2023 | $139,025.00 | Bonus |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 2/24/2023 | $16,021.20 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 3/10/2023 | $16,021.20 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 3/15/2023 | $47,884.80 | Salary |
| Julia Strandberg | Address on File | | | | | | | Former Chief Commercial Officer | 3/24/2023 | $8,040.43 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 4/15/2022 | $14,574.58 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 4/29/2022 | $14,999.58 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 5/13/2022 | $21,276.23 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 5/16/2022 | $2,354.69 | Expense reimbursement |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 5/31/2022 | $16,339.91 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 6/15/2022 | $14,574.58 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 6/30/2022 | $14,999.58 | Salary |

**SOFA 4 ATTACHMENT**

Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Insider's Name | Address 1 | Address 2 | Address 3 | City | State | ZIP | Country | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 7/15/2022 | $12,106.42 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 7/15/2022 | $2,680.66 | Paid Time Off |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 7/29/2022 | $14,787.08 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 8/15/2022 | $13,446.75 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 8/15/2022 | $1,340.33 | Paid Time Off |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 8/15/2022 | $1,131.43 | Expense reimbursement |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 8/31/2022 | $9,425.76 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 8/31/2022 | $5,361.32 | Paid Time Off |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 9/15/2022 | $13,446.75 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 9/15/2022 | $1,340.33 | Paid Time Off |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 9/30/2022 | $13,446.75 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 9/30/2022 | $1,340.33 | Paid Time Off |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 10/14/2022 | $14,787.08 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 10/31/2022 | $13,446.75 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 10/31/2022 | $1,340.33 | Paid Time Off |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 11/15/2022 | $14,787.08 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 11/30/2022 | $14,787.08 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 12/14/2022 | $153.81 | Expense reimbursement |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 12/15/2022 | $13,446.75 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 12/15/2022 | $1,340.33 | Paid Time Off |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 12/30/2022 | $13,446.75 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 12/30/2022 | $1,340.33 | Bereavement |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 1/13/2023 | $348,500.00 | Severance |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 1/13/2023 | $1,263.66 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 1/24/2023 | $18,942.00 | RSU |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 1/27/2023 | $2,513.66 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 2/10/2023 | $2,513.66 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 2/17/2023 | $7,255.00 | Paid Time Off |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 2/17/2023 | $2,513.66 | Salary |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 2/17/2023 | $1,000.00 | Severance |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 2/21/2023 | $92.29 | Expense reimbursement |
| Kathy Jeffery | Address on File | | | | | | | Former Chief People Officer | 2/24/2023 | $31,643.41 | Paid Time Off |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 4/4/2022 | $396.50 | Expense reimbursement |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 4/15/2022 | $17,270.84 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 4/29/2022 | $24,482.09 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 4/29/2022 | $20.40 | Expense reimbursement |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 5/13/2022 | $17,270.84 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 5/31/2022 | $17,270.84 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 6/15/2022 | $17,270.84 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 6/30/2022 | $17,270.84 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 6/30/2022 | $679.87 | Expense reimbursement |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 7/15/2022 | $15,713.21 | Salary |

**SOFA 4 ATTACHMENT**

Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Insider's Name | Address 1 | Address 2 | Address 3 | City | State | ZIP | Country | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 7/15/2022 | $1,557.63 | Paid Time Off |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 7/29/2022 | $9,482.69 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 7/29/2022 | $7,788.15 | Paid Time Off |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 8/15/2022 | $15,713.21 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 8/15/2022 | $1,557.63 | Paid Time Off |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 8/15/2022 | $361.79 | Expense reimbursement |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 8/31/2022 | $15,713.21 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 8/31/2022 | $1,557.63 | Paid Time Off |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 9/15/2022 | $17,270.84 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 9/30/2022 | $17,270.84 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 10/14/2022 | $17,270.84 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 10/31/2022 | $15,713.21 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 10/31/2022 | $1,557.63 | Paid Time Off |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 11/15/2022 | $17,270.84 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 11/30/2022 | $17,270.84 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 12/15/2022 | $12,461.04 | Bereavement |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 12/15/2022 | $4,809.80 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 12/30/2022 | $17,270.84 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 1/13/2023 | $8,195.00 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 1/24/2023 | $37,884.00 | RSU |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 1/27/2023 | $14,425.84 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 1/27/2023 | $1,557.68 | Paid Time Off |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 2/10/2023 | $15,983.52 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 2/15/2023 | $1,359,999.90 | RSU Grant |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 2/15/2023 | $135,675.00 | Bonus |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 2/24/2023 | $15,983.52 | Salary |

SOFA 4 ATTACHMENT
Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Insider's Name | Address 1 | Address 2 | Address 3 | City | State | ZIP | Country | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 3/10/2023 | $15,983.52 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 3/15/2023 | $32,773.59 | Paid Time Off |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 3/24/2023 | $15,983.52 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 4/6/2023 | $24,178.52 | Salary |
| Ronan O'Brien | Address on File | | | | | | | Former General Counsel, Chief Compliance Officer & Secretary | 4/6/2023 | $15,576.80 | Severance |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 4/4/2022 | $2,137.46 | Expense reimbursement |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 4/15/2022 | $17,304.17 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 4/29/2022 | $17,839.17 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 5/13/2022 | $17,304.17 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 5/31/2022 | $17,839.17 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 6/2/2022 | $17,611.82 | Expense reimbursement |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 6/15/2022 | $17,304.17 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 6/30/2022 | $17,839.17 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 7/15/2022 | $20,097.10 | Expense reimbursement |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 7/15/2022 | $15,975.58 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 7/15/2022 | $1,596.09 | Paid Time Off |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 7/29/2022 | $17,571.67 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 8/15/2022 | $17,571.67 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 8/31/2022 | $17,571.67 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 8/31/2022 | $6,086.20 | Expense reimbursement |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 9/15/2022 | $17,571.67 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 9/30/2022 | $17,571.67 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 9/30/2022 | $1,333.83 | Expense reimbursement |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 10/14/2022 | $17,571.67 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 10/31/2022 | $17,571.67 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 11/15/2022 | $17,571.67 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 11/30/2022 | $15,975.58 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 11/30/2022 | $1,596.09 | Paid Time Off |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 12/15/2022 | $17,571.67 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 12/30/2022 | $17,571.67 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 12/31/2022 | $25,786.77 | Expense reimbursement |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 1/13/2023 | $8,302.19 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 1/24/2023 | $37,884.00 | RSU |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 1/27/2023 | $16,282.93 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 2/10/2023 | $16,282.93 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 2/15/2023 | $1,399,999.65 | RSU Grant |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 2/15/2023 | $139,025.00 | Bonus |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 2/24/2023 | $16,282.93 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 3/10/2023 | $16,282.93 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 3/15/2023 | $47,884.80 | Paid Time Off |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 3/24/2023 | $16,282.93 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 4/6/2023 | $12,865.90 | Expense reimbursement |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 4/6/2023 | $24,317.62 | Salary |
| Yuri Maricich | Address on File | | | | | | | Former CMO & Head of | 4/6/2023 | $15,961.60 | Severance |
| | | | | | | | | | | $16,502,328.69 | |

**Fill in this information to identify the case:**

Debtor name: Pear Therapeutics (US), Inc.

United States Bankruptcy Court for the: District of Delaware

Case number: 23-10430

☐ **Check if this is an amended filing**

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on
5/1/2023

| | |
|---|---|
| /s/ Christopher Guiffre | Christopher Guiffre |
| Signature of individual signing on behalf of debtor | Printed name |
| Chief Financial Officer and Chief Operating Officer | |
| Position or relationship to debtor | |

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☐ No

☑ Yes